An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS OF: V.M.S. A/K/A V.M.K-H.; AND G.B.Y. A/K/A G.K-H., MINOR CHILDREN,

CARMENO S.,
Appellant,
vs.
STATE OF NEVADA, CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,
Respondent.

No. 61353

FILED

OCT 17 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Steven E. Jones, Judge.

On appeal, appellant contends that the statutory requirements for termination were not met in this case. In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure to adjust parental conduct, demonstration of only token efforts, or a risk of serious physical or emotional injury to the child if the child is returned to the parent. NRS 128.105(2); *In re Parental Rights as to*

13-31273

*D.R.H.*, 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). Additionally, if a child is placed outside of the home for 14 of any 20 consecutive months, it must be presumed that the parent has demonstrated only token efforts and that termination is in the child's best interest. NRS 128.109(1)(a) and (2). The parent's failure to comply substantially with a case plan for reunification within six months is evidence of the failure of parental adjustment. NRS 128.109(1)(b). Once established, these presumptions may be rebutted by the parent. *In re Parental Rights as to J.L.N.*, 118 Nev. 621, 625-26, 55 P.3d 955, 958 (2002). This court will uphold the district court's termination order if it is supported by substantial evidence. *In re D.R.H.*, 120 Nev. at 428, 92 P.3d at 1234.

In terminating appellant's parental rights in this case, the district court found that the presumptions under NRS 128.109 applied and were not overcome by appellant. The court further found that termination was in the children's best interests and that parental fault was established based on appellant's parental unfitness, failure to make parental adjustments, demonstration of only token efforts, and a risk of serious injury to the children if returned to appellant. In particular, appellant failed to achieve the objective of his case plan and address his substance abuse, mental health, and domestic violence issues. The court further found that the children were bonded with their current caregivers and that termination would promote the children's stability and security. Having reviewed the appellate record, we conclude that the statutory

requirements for termination were met and that the district court's decision is supported by the record. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Steven E. Jones, District Judge, Family Court Division
       Carmeno S.
       Clark County District Attorney/Juvenile Division
       Eighth District Court Clerk

---

[1]In light of this order, we deny appellant's proper person motion for a stay, motion for judgment and order, and motion for review and reconsideration of order. Also, we have considered appellant's proper person transcript request, and we conclude that the preparation of transcripts is not necessary for our review of this appeal.